DISMISSED; Opinion issued September 21, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-00319-CV

## IN THE INTEREST OF T.S., JR., A CHILD

On Appeal from the 254th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-04-14797-R

# MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice O'Neill

This appeal, brought by Mother, follows the Attorney General of Texas's March 6, 2012 nonsuit of its motion to revoke Father's community supervision for failure to pay child support. Because Mother has failed to bring forward a final appealable judgment or order, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Our jurisdiction is fundamental and never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.); *K & S Interests, Inc. v. Tex. Am. Bank/Dallas*, 749 S.W.2d 887, 890 (Tex. App.—Dallas 1988, writ denied). Generally, subject to a few mostly statutory exceptions, we have jurisdiction only over appeals from final judgments, that is, judgments that dispose of all pending parties and claims in the record. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When, as here, a plaintiff nonsuits

its case, and no parties or issues remain before the trial court, the order of dismissal is the final dispositive judgment. *See Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam).

Mother's notice of appeal recites she is appealing "from the judgment signed by the [trial court] on March 6, 2012." The record, however, contains only the March 6th notice of nonsuit. It does not contain a dismissal order, and the trial court clerk has informed us that no order exists.

By letter dated June 28, 2012, we directed the parties to obtain, within ten days of the date of our letter, a supplemental record containing an order of nonsuit or dismissal. We explained that without such an order we had no jurisdiction over the appeal, and we cautioned that failure to file the requested record would result in dismissal of the appeal. To date, the supplemental record has not been filed, and the parties have not otherwise communicated with the Court.

A final judgment is fundamental to our jurisdiction. Without a final judgment, our jurisdiction is not invoked. *See Lehmann*, 39 S.W.3d at 195. Because we have no order of nonsuit or dismissal, we lack jurisdiction over the appeal and dismiss it. *See* TEX. R. APP. P. 42.3(a).

MICHAEL J. O'NEILL
JUSTICE

120319F.P05

–2–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF T.S., JR., A CHILD

No. 05-12-00319-CV

Appeal from the 254th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. DF-04-14797-R).
Opinion delivered by Justice O'Neill, Justices FitzGerald and Lang-Miers participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal. We **ORDER** that appellee Office of the Attorney General of Texas recover its costs, if any, of this appeal from appellant Yolanda McMaryion.

Judgment entered September 21, 2012.

MICHAEL J. O'NEILL
JUSTICE